Mr. Justice James
delivered the opinion of the Court:
This is an action by the payee on a promissory note. The plaintiff obtained a judgment under the Seventy-third Rule, on the ground that the defendant’s affidavit did not set out sufficiently a defence. The affidavit was in the following words:
“ That on or about the 9th day of June, A. D. 1891, the plaintiff, claiming to be the owner of an interest in an alleged invention in galvanic batteries, for which application for letters patent of the United States had been made, by repre *182 senting the same to be of great value, influenced this defendant to purchase a small portion of said plaintiff’s interest for the nominal sum of one thousand dollars, for which amount. the note described in the said declaration was given. That said note was given with the understanding and belief that it was not to be negotiated, and that it was to become due and payable only at the instance of this defendant, or when said alleged invention was patented and funds had been realized therefrom.
• “ That said alleged invention has not been patented, and the most important claims have been refused protection for want of novelty and patentability under the laws of the United States. That said note was given without -consideration. That the consideration thereof has wholly failed, and further, that prior to the institution of this suit, defendant tendered to the plaintiff a re-assignment of the interest in the said alleged invention acquired by him, as aforesaid, and requested a surrender of the said note, but plaintiff refused to accept said re-assignment, or to surrender said note. That the plaintiff is not entitled to recover the whole or any part of the 'sum claimed in his said declaration.”
Clearly this affidavit of defence is inartificially framed, but it discloses that this note was given for an invention for which a patent had been demanded, and that such patent had been refused. Now, it is said that an invention is a valuable consideration; that many inventions are of great utility, and that the mere fact that this is not patentable is no objection to the value of the invention itself. I know of no way in which an invention in which the whole world participates can be of any special value. There is no secrecy when the application to the Patent Office is made and the invention is disclosed. It is not comparable, therefore, to that kind of cases.
We find that enough is disclosed to show that it was sold as an invention, and that the Patent Office, authorized to decide such questions, subject to appeal here, has decided that there was in this case no invention, for that is the efféct of refusing a patent.
*183 Enough, therefore, is disclosed in this affidavit of defence, to show that the consideration of this note was- the' sale of an invention, which the Patent Office decides not to be an invention, and the alleged consideration has failed. '
We have remarked that the statements here are not very artificially made, but we conceive that this sevénty-third rule is not intended to operate as a trap. When we find a sufficient indication of a defence, we think it is the proper administration of the rule that the case should go to the jury. It is not so obligatory that judgment should be rendered for the plaintiff whenever the defendant makes an affidavit containing any defects.
We find on the face of these papers sufficient evidence that this should have gone to the jury and the question of the invention or non-invention allowed to be shown there.
We therefore feel constrained to reverse the judgment that was granted under the seventy-third rule.